Curia, per
EvaNS, J.
If the defendants, after shooting the hog, had voluntarily gone off and left it, I presume the act would have been nothing more than a trespass. Does the circumstance that they fled on the approach of the witness, Rogers, without removing the hog, make it felony, if the shooting was with the felonious intent to appropriate the hog to their own use ? ' All the authorities seem to concur, that the offence is not complete without some removal. In Cherry’s case, 2 East. P. C. 556, the *32 prisoner was indicted for stealing a wrapper and some pieces of linen cloth, and it appeared the linen was packed up in a wrapper, in the common form of a long square, which was laid lengthwise in a wagon. The prisoner set up the wrapper on one end, in the wagon, for the greater convenience of taking the linen out, and cut the wrapper all the way down for that purpose, but was apprehended before he had taken any thing. All the judges agreed this was no larceny, although his intention to steal was manifest; for the carrying away, in order to constitute felony, must be a removal of the goods from where they were, and the felon must, at least for an instant, be in the entire possession of the goods. There are other cases in East, all illustrative of the same principle, that the offence is incomplete without some removal of the goods; and in this particular, I think my instruction to the jury was wrong, and a new trial is ordered.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.